# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:10-CR-387 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **JAMES C. DIMORA,** *et al.* | : | **ORDER** |
| **Defendants.** | : | |

The Court conducted a Pretrial Conference on October 5, 2010. At the Pretrial, counsel for the Government and counsel for each of the Defendants jointly moved the Court to extend the trial date beyond the time frame contemplated by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Specifically, counsel orally moved the Court to declare this case complex due to the voluminous discovery involved, which includes thousands of pages of documents and hundreds of hours of recorded conversations. The parties agreed that, given the volume of discovery, defense counsel will need significant time to review the documents and recordings, investigate the case, prepare pretrial motions, and prepare for trial.

In addition, the Government indicated that it intends to file a superseding indictment, but that it will not likely do so until sometime in early 2011. The Government contemplates that the superseding indictment will add both new charges and new defendants. Although the Government stated that it will provide discovery regarding the as yet uncharged events, the parties agreed that the requested extension of the trial date is necessary to ensure that defense counsel has adequate time to prepare with respect to the additional charges and for new defendants to be added to this case.[1]

---

[1] As the Court indicated on the record during the Pretrial, based on the current Indictment, the Court assumed that the parties would be ready for trial by summer 2011. Given the anticipated superseding indictment, however, the Court finds that the additional time requested is both reasonable and necessary.

At the Pretrial, each of the Defendants, fully informed of their speedy trial rights, indicated that they join in the requested continuance and waive their respective speedy trial rights.

The Court finds that the parties' oral motion to extend the trial date is well-taken and agrees with the parties that the ends of justice served by granting a continuance outweigh the interests of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). At the parties' request, and in light of the voluminous discovery involved, the Court designates this case as complex for speedy trial purposes. This designation is particularly appropriate due to the nature of the prosecution, the number of Defendants, the number of counts alleged in the Indictment, and the likely possibility of a superseding indictment.

Given the complex nature of this case, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court further finds that failure to grant the requested continuance would deny counsel "the reasonable time necessary for effective preparation," despite their exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

For the foregoing reasons, and those stated on the record during the October 5, 2010 Pretrial, the parties' joint oral motion to extend the trial date is **GRANTED**. By agreement of the parties, trial is scheduled to commence on **September 12, 2011.** The Court finds that all of the time between the October 5, 2010 Pretrial and the trial date of September 12, 2011 is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

                                               s/Kathleen M. O'Malley
                                               **KATHLEEN McDONALD O'MALLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**Dated: October 7, 2010**