IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| Plaintiff, | ) | |
| v. | ) | JUDGE LIOI |
| | ) | |
| | ) | |
| JAMES C. DIMORA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

RESPONSE OF THE UNITED STATES TO DEFENDANT DIMORA'S SECOND MOTION
IN LIMINE

Now comes the United States of America, by and through its attorneys, Barbara L.

McQuade, United States Attorney, and Assistant United States Attorneys Antoinette T. Bacon,

Nancy L. Kelley, and Ann C. Rowland and hereby responds to portions[1] of Defendant Dimora's

second Motion in Limine (Doc. 561).

---

[1] Defendant Dimora's second motion in limine, filed 21 days after the deadline for such motions, and after the Court denied Defendant leave to file additional motions in limine (Order entered 11/17/2011, raises five issues. At the pretrial conference on December 16, 2011, this Court heard argument on two of the issues (Issues II and III) raised in Defendant's second motion in limine. Thus, the United States will not re-argue those issues here. At the telephonic conference on December 22, 2011, the Court raised questions about issues V, VI, and VII, so the United States will address them here.

1

### I. Wrongful Conduct of Defendant Dimora as Party Chair

At page 6 of his second motion in limine, Defendant asks that the United States be prohibited from offering "any evidence that Mr. Dimora broke any laws while performing functions or 'wearing the hat of' the Party Chair. The United States has not alleged that Defendant Dimora committed crimes as the Cuyahoga County Democratic Party Chair. However, it is likely that Defendant's role as party chair will come up in the course of testimony. Thus, it would appear that no pretrial ruling on this prong of the motion in limine is required.

### II. Evidence of Non-disclosure of Conflict of Interest

Defendant asserts at page 6 of his second motion in limine that post-<u>Skilling</u>, the United States should be precluded from proving a violation of the honest services fraud statute solely on concealment of a conflict of interest. The United States agrees that under <u>Skilling v. United States</u>, ___ U.S. ___ ; 130 S. Ct. 2896 (2010), evidence of a concealed conflict of interest alone is not sufficient to prove a violation. However, evidence of concealment of a bribe is certainly evidence of corrupt intent, and the Court should admit any such evidence at trial.

At the telephonic conference on December 22, 2011, the Court inquired about the parties' intent to seek introduction of the disclosure reports as evidence. Defendant informed the United States on December 23, 2011 that it does intend to introduce evidence of Defendant's disclosures in his defense.

In its Motion in Limine (Doc. 532), the United States stated at pages 41 and 42:

> In pre-trial statements, Defendant Dimora has suggested that since he listed people, such as Kleem, Pumper, and Neiheiser, on his ethics disclosure forms, that somehow absolves him of criminal liability. It is no defense to bribery that the public official listed a bribe payor on a state ethics form. Presenting evidence or argument on this issue can only serve to confuse the jury. The Government moves this Court, in limine, to prohibit any

2

evidence or argument that Defendant Dimora listed bribe payors on his state disclosure forms.

In the alternative, the Government moves this Court, in limine, to permit the Government to introduce testimony from an Ohio Ethics Commission representative on the following topics: (1) the purpose of the disclosure forms, (2) Ohio rules governing conflict of interest, misusing public office, bribery and theft in office, (3) training provided to public officials on the governing rules, and (4) following the indictment in the Gray case (which charged mail fraud in connection with false disclosure forms), Defendant Dimora began hand delivering his disclosure forms, rather than mailing the forms.

The United States stands by this position. Thus, the United States requests that the defense, prior to mentioning the ethics disclosure statements in opening statement or in trial, be required to establish the legal theory under which they are admissible and obtain a ruling on their admissibility. For the reasons stated above, the United States opposes their admission. If the Court allows this evidence, the United States should be permitted to prove (1) the purpose of the disclosure forms, (2) Ohio rules governing conflict of interest, misusing public office, bribery and theft in office, (3) training provided to public officials on the governing rules, and (4) following the indictment in the Gray case (which charged mail fraud in connection with false disclosure forms), Defendant Dimora began hand delivering his disclosure forms, rather than mailing the forms.

### III. Official Acts

At page 7 of his motion, Defendant seeks to preclude certain acts Defendant took on the theory that they were not "official" acts and asserts that under the Hobbs Act and under the honest services fraud statute, 18 U.S.C. § 1349, a narrow definition of official act should apply. These are issues of sufficiency of the evidence which are premature in a motion in limine.

However, the United States notes that Defendant's legal view of an official act is narrower than the law defines.

### A. The Hobbs Act - Official Acts

Even if a defendant does not have the actual power to do the official act he or she promises to do, as long as the victim has a reasonable expectation that the defendant has that power, a Hobbs Act charge is legally sufficient. *See, e.g.*, *United States v. Vasquez-Botet*, 532 F.3d 37, 67 (1st Cir. 2008) (noting that the victim's "reasonable expectation at the time of the extortion is the touchstone of the inquiry"); *United States v. Carter*, 530 F.3d 565, 573-74 (7th Cir. 2008) (it is sufficient if the victim reasonably believed that the defendant could deliver based on his official position, even if the official action did not fall under the official's actual authority); *United States v. Millet*, 123 F.3d 268, 274-75 (5th Cir. 1997)(parish president); *Collins*, 78 F.3d at 1032 (Governor's husband); *United States v. Huynh*, 60 F.3d 1386, 1389-90 (9th Cir. 1995) (defendant, state social worker, unsuccessfully argued that her conviction should be reversed because she did not actually have the power to terminate SSI benefits); *Tomblin*, 46 F.3d at 1382 (defendant had influence with U.S. Senator); *United States v. Farley*, 2 F.3d 645, 651 n.3 (6th Cir. 1993) (sale of honorary deputy sheriff commissions); *United States v. Loftus*, 992 F.2d 793, 796 (8th Cir. 1993) ("[a]ctual authority over the end result—re-zoning—is not controlling if [defendant county commissioner], through his official position, had influence and authority over a means to that end"); *United States v. Stephens*, 964 F.2d 424, 429-30 (5th Cir. 1992) (bail bondsman and town alderman); *United States v. Nedza*, 880 F.2d 896, 902 (7th Cir. 1989) (victim reasonably believed state senator had the ability to impact a local business); *Bibby*, 752 F.2d at 1127-28 (state senator); *United States v. Robinson*, 700 F.2d 205, 209 (5th Cir. 1983)

(public official, city electrical inspector, could extort money for permit beyond control of his office, so long as victim has a reasonable belief that he could affect issuance); *United States v. Rabbitt*, 583 F.2d 1014, 1027-28 (8th Cir. 1978) (state representative); *United States v. Harding*, 563 F.2d 299, 306-07 (6th Cir. 1977)(executive director for state real estate commission); *United States v. Brown*, 540 F.2d 364, 372-73 (8th Cir. 1976) (city building commissioner); *United States v. Hall*, 536 F.2d 313, 320-21 (10th Cir. 1976) (Governor); *United States v. Hathaway*, 534 F.2d 386, 394 (1st Cir. 1976) (executive director of town redevelopment authority); *Mazzei*, 521 F.2d at 643 (*en banc*)(state senator); *United States v. Price*, 507 F.2d 1349, 1350 (4th Cir. 1974) (county councilman); *United States v. Braasch*, 505 F.2d 139, 151 (7th Cir. 1974)(city vice officers).

In *United States v. Rivera Rangel*, 396 F.3d 476, 484-85 (1st Cir. 2005), the defendant was an executive assistant to the governor who used her position to help four contractors gain access to government officials and obtain expedited treatment of their government business. She made phone calls to help them obtain meetings with those officials and later received cash from one of the contractors. Defendant argued that the calls she made were not official acts. The First Circuit held that, despite the fact that the defendant lacked the authority to issue permits or affect government business, she did have the power to facilitate the contractor's business, "and it was that power [the contractor] paid her to exercise."

In *United States v. Carter*, 530 F.3d 565, 574 (7th Cir. 2008), the defendant was the Recorder for Lake County, Indiana. He was convicted of taking bribes in return for providing property lists and drafting a Purge of Lien Notice. On appeal, he contended that those acts were not within the statutory description of duties and that he did not provide the bribe payor with any

5

special access to the property lists. He also contended that with respect to the Purge of Lien Notice, there was no formal prohibition on the Recorder of Deeds drafting such a document. He also argued that the bribe payor did not believe that the defendant could actually affect the lien. In response, the Seventh Circuit stated that it is immaterial whether the transaction involves a promise by the official to undertake acts unrelated to his duties, so long as the motivation for the payment focuses on the public official's office, citing *United States v. Rindone*, 631 F.2d 491, 495 (7th Cir. 1980). There is no requirement that the public official have the legal authority to perform the promised act as long as there is a reasonable belief that the system operated in such a way as to indicate that the public official had the effective authority to fulfill the promise. *United States v. Mazzei*, 521 F.2d 639, 643 (3d Cir. 1975). See also, *United States v. Homer*, 411 F.Supp 972 (W.D.Pa 1976) aff'd 545 F.2d 864 (3rd Cir. 1976) (state legislator acted under color of official right in influencing a building inspector on an occupancy permit); *United States v. Haimowitz*, 725 F.2d 1561 (11th Cir. 1984)(state senator acting under color of official right in connection with a state liquor license).

Furthermore, the public official need not be successful in carrying out the promised acts. The law is violated if when a public official induces a person engaged in interstate commerce to part with property. Thus the relevant inquiry is whether the bribe payor believed the public official could deliver the power of his office to the benefit of the bribe payor. *United States v. Nedza*, 880 F.2d 896, 902 (7th Cir. 1989).

### B. Official Acts: Post-Skilling Honest Services Fraud

In defining bribes or kickbacks, *Skilling* pointed out that "as to arbitrary prosecutions," guidance on the definition of bribery "draws content" from pre-*McNally* case law, 18 U.S.C. §

201 (bribery of federal officials), 18 U.S.C. § 666 (bribery in programs receiving federal funds), and 41 U.S.C. § 52(2) (anti-kickback act). *Skilling* at 2933.

Under Section 201, cited in *Skilling*, the official act element is broad: it is not limited to acts that are within the formal statutory authority of a public official, and instead includes any acts taken consistent with established practice. *See United States v. Birdsall*, 233 U.S. 223 (1914) ("Every action that is within the range of official duty comes within the purview of these sections."); *United States v. Moore*, 525 F.3d 1033 (11th Cir. 2008); *United States v. Biaggi*, 853 F.2d 89 (2d Cir. 1988); *United States v. Carson*, 464 F.2d 424, 433-34 (2d Cir. 1972).[2] See also,

---

[2] However, in *United States v. Valdes*, the D.C. Circuit limited the scope of official acts to "a class of questions or matters whose answer or disposition is determined by the government." 475 F.3d 1319, 1324 (D.C. Cir. 2007) (en banc) (holding it was not official action when a local law enforcement officer entered into a law enforcement database to search for information on fictitious subjects in exchange for money). *But see United States v. Jefferson*, 634 F.Supp.2d 595, 602 n. 14 (criticizing *Valdes* as inconsistent with the statutory text and in conflict with *Birdsall, Biaggi*, and *Carson*).

*United States v. Myers*, 692 F.2d 823, 840-42 (2d Cir. 1982)(play acting not a defense to bribery under Section 201).

On the basis of the foregoing, Defendant's second motion in limine should be denied.

                              Respectfully submitted,

                              Eric H. Holder, Jr.
                              Attorney General of the United States

                              Barbara L. McQuade
                              United States Attorney
                              Eastern District of Michigan

By:   /s/Ann C. Rowland
        Antoinette T. Bacon (DC: 474696)
        Nancy L. Kelley (OH: 0070031)
        Ann C. Rowland (OH: 0015156)
        Assistant U. S. Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        (216) 622-3966 (phone)
        (216) 522-2403 (facsimile)
        E-mail: Ann.Rowland@usdoj.gov
        E-mail: Antoinette.T.Bacon@usdoj.gov
        E-mail: Nancy.Kelley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on this date, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                 /s/Ann C. Rowland
                                                 Ann C. Rowland
                                                 Assistant U.S. Attorney