UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION AND ORDER |
|  | ) |  |
| JAMES C. DIMORA, et al. | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |

Defendant James Dimora has filed a motion (Doc. No. 568) to dismiss Counts 2, 9, and 16 of the Third Superseding Indictment in this case ("Indictment") pursuant to Fed. R. Crim. P. 12(b)(3)(B) for failure to state an offense.[1] The government has filed a response in opposition. (Doc. No. 577.)

Count 2 charges Dimora with conspiracy to commit mail fraud and honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346, and 1349. Count 16 charges him with conspiracy to commit wire fraud and honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346, and 1349.[2] Citing Justice Scalia's opinion concurring in part and concurring in the judgment in *Skilling v. United States*, 130 S. Ct. 2896, 2935–41

---

[1] Rule 12(b)(3)(B) provides, in part, that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

[2] In light of defendant Dimora's other pending motion contending, based on additional grounds, that Count 9 fails to state an offense (Doc. No. 560), the Court reserves its ruling on the sufficiency of the Indictment as to Count 9. This opinion, therefore, addresses only Counts 2 and 16.

(2010), Dimora contends that these Counts must be dismissed because the honest services statute (§ 1346), upon which the Counts are partially based, is unconstitutionally vague.

Justice Scalia's concurrence-in-the-judgment as to the majority's disposition of the honest services fraud portion of *Skilling* is just that—a concurrence. While Dimora is correct that Justice Scalia believes the honest services statute is unconstitutionally vague, the Supreme Court majority held otherwise. *Skilling*, 130 S. Ct. at 2931 ("To preserve the statute without transgressing constitutional limitations, we now hold that § 1346 criminalizes *only* the bribe-and-kickback core of the pre-*McNally* case law."). It is the majority's holding, of course, and not Justice Scalia's concurrence-in-the-judgment, that controls. Counts 2 and 16 allege both bribery and kickbacks in connection with the charged honest services fraud conspiracy. These Counts thus fall within what the *Skilling* majority characterized as the constitutionally sound "core" of § 1346. Dimora's argument fails.

Dimora also contends, citing *United States v. Murphy*, 323 F.3d 102, 104 (3d Cir. 2003), that "in an action accusing [sic] mail fraud, the Government cannot rely on the state bribery statute to provide the necessary fiduciary duty between the defendant and the public." (Mot. at 3.) In an earlier case arising from the same public corruption investigation that led to the case at bar, this Court held, following the reasoning of the Fifth Circuit in *United States v. Brumley*, 116 F.3d 728 (5th Cir. 1997), that "the legal duty underlying a charge of honest services fraud must be rooted in state law." *United States v. Terry*, No. 1:10CR390, 2011 WL 2111127, at *7 (N.D. Ohio May 26, 2011).

But as the government points out, in that same case, acknowledging the Third Circuit's position in *Murphy*, this Court also stated that the Ohio statutes prohibiting public officials from accepting bribes[3] and from using their offices to secure anything of value for personal gain[4] were sufficient to establish the required state-law-rooted legal duty. *Id.* at *7–8. Those same statutes are also applicable here. The fact that they are not "specifically identified" in the text of Counts 2 and 16 "is not fatal to the charging instrument." *United States v. Dimora*, No. 1:10CR387, 2011 WL 5361115, at *15 (N.D. Ohio Oct. 28, 2011); *see United States v. Caldwell*, 302 F.3d 399, 409 (5th Cir. 2002) (interpreting *Brumley* as stating that, while "the government must prove that the defendant deprived the employer" of "services owed to [the] employer under state law," it is not necessary that the "state-law source of the right to honest services . . . be alleged in the indictment."); Fed. R. Crim. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.").

---

[3] "No person, either before or after he is elected, appointed, qualified, employed, summoned, or sworn as a public servant or party official, shall knowingly solicit or accept for himself or another person any valuable thing or valuable benefit to corrupt or improperly influence him or another public servant or party official with respect to the discharge of his or the other public servant's or party official's duty." Ohio Rev. Code § 2921.02(B).

[4] "No public official or employee shall use or authorize the use of the authority or influence of office or employment to secure anything of value or the promise or offer of anything of value that is of such a character as to manifest a substantial and improper influence upon the public official or employee with respect to that person's duties." Ohio Rev. Code § 102.03(D). Additionally, "No public official or employee shall solicit or accept anything of value that is of such a character as to manifest a substantial and improper influence upon the public official or employee with respect to that person's duties." Ohio Rev. Code § 102.03(E).

For the above-stated reasons, Dimora's motion to dismiss Counts 2 and 16 of the Indictment due to the alleged unconstitutionality of § 1346 and the alleged insufficiency of the Ohio bribery statutes to support an honest services fraud claim is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 30, 2011

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**