**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CR387 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| JAMES C. DIMORA, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On the eve of trial, Defendant James C. Dimora moves to dismiss the present indictment on the grounds that the filing of a subsequent indictment against him in Case No. 1:11CR491 has exposed him to double jeopardy in this matter. (Doc. No. 570.) The government has filed a response in opposition to the motion. (Doc. No. 576.) The motion is fully briefed and, as set forth below, is frivolous because it is premature and brought in the wrong forum. It is, therefore, DENIED.

*Background*

Both criminal indictments pending against Dimora and other defendants stem from the same federal investigation, conducted over a number of years, into allegations of public corruption and conspiracy in Cuyahoga County, Ohio. On September 14, 2010, the grand jury returned a multi-count indictment against Dimora, Defendant Michael Gabor and several other individuals in Case No. 1:10CR387 (hereinafter "Dimora I"). The Third Superseding Indictment charges Dimora with RICO conspiracy, conspiracy to commit mail and wire fraud and honest services mail fraud,

Hobbs Act conspiracy and substantive Hobbs Act violations, bribery concerning programs receiving federal funds, tax fraud, obstruction, and destruction of records.

Dimora I was originally set for trial beginning September 12, 2011. Following a continuance granted at the request of Gabor and Dimora, the trial was continued until January 4, 2012. The parties have completed extensive discovery and motion practice, which has included the filing of more than 22 pre-trial motions and numerous motions in limine.  The Court and the parties are prepared to conduct voir dire beginning on January 4, 2012.

On October 20, 2011, more than one year after Dimora I was filed, a new indictment was returned against Dimora and defendant Michael Forlani in Case No. 1:11CR491 (hereinafter "Dimora II"). Both men were charged with Hobbs Act conspiracy, substantive Hobbs Act violations, conspiracy to commit mail and wire fraud and honest services mail and wire fraud. Forlani is also charged with additional crimes, including RICO conspiracy. While the various fraudulent schemes laid out in the Dimora II indictment are distinct from those in Dimora I, the RICO conspiracy charged against Forlani is substantially similar to the RICO conspiracy charged against Dimora and Gabor in Dimora I.

The original trial date of December 12, 2011 for Dimora II has been continued, and the defendants have executed speedy trial waivers, which are valid through the end of December 2012. No new trial date has been set, and the parties are just beginning discovery. The Court has yet to issue a trial order in this matter. When it does, it will include dates and deadlines for the filing of pre-trial motions and in limine

motions. In other words, much work on the part of the parties and the Court must take place before this case is ready for trial.[1]

In his motion to dismiss, Dimora argues that the indictment in Dimora I should be dismissed because the filing of the indictment in Dimora II has exposed him to double jeopardy. The government opposes the motion, noting that Dimora has yet to be exposed to *any* jeopardy. The government suggests that Dimora's motion is premature.

*Analysis*

The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It protects against: (1) a second prosecution for the same offense, after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *Grady v. Corbin*, 495 U.S. 508, 516 (1990) (internal quotation and citation omitted); *see United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991). This Clause bars a second prosecution for the same offense only if jeopardy attached in the original proceeding. *See Ex parte Lange*, 85 U.S. 163, 173-74 (1873). In a jury trial, jeopardy attaches when the jury is sworn. *Crist v. Bretz,* 437 U.S. 28, 29 (1978); *Fultonv. Moore*, 520 F.3d 522, 528 (6th Cir. 2008).

Neither case has gone to trial yet, though Dimora I is scheduled to begin in a matter of days. At the risk of stating the obvious, Dimora's freedom has yet to be placed in jeopardy even once, let alone twice. Though procedurally distinct, a jurist of the Supreme Court was faced with a somewhat analogous situation in *Willhauck v. Flanagan*,

---

[1] In early pre-trial proceedings, counsel for the government has indicated that it anticipates the filing of a superseding indictment in Dimora II, which may add new charges and new defendants.

448 U.S. 1323 (1980). There, the defendant was charged in two separate counties with state crimes arising out of the same high speed chase. Following the denial of his motions to consolidate the two matters, he brought a civil rights action under 42 U.S.C. § 1983 in federal court to obtain a declaration that the filing of the two state court actions violated his rights under the Double Jeopardy and Due Process Clauses of the U.S. Constitution. Following the denial of the motion for a temporary restraining order by the district court, the defendant applied for a stay of his state criminal actions pending appeal in federal court. Justice Brenan denied the application, finding it premature because jeopardy had not yet attached in either criminal matter. 448 U.S. at 1326. He further noted that, once jeopardy attached in one criminal action, the "applicant should be able to make his claim before the *second* trial judge, at which time the courts can give due consideration to his claim." *Id*. (emphasis added).

A similar result is dictated here. Like the application in *Willhauck,* Dimora's motion is premature because Dimora has yet to be exposed to any jeopardy. Further, once he is exposed to jeopardy in the first action that goes to trial, the appropriate remedy would be to seek a motion to dismiss the indictment in the second action (*i.e., Dimora II)*—the action which would have the possibility of exposing him to double jeopardy. As such, the present motion has been filed in the wrong case. Because Dimora's motion suffers from these two fatal defects, and because the Court cannot grant

---

the relief Dimora seeks in this matter, the motion is DENIED as frivolous.

       **IT IS SO ORDERED**.

Dated: January 2, 2012

                                     **HONORABLE SARA LIOI**
                                     **UNITED STATES DISTRICT JUDGE**