UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| JAMES C. DIMORA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In an opinion and order dated January 2, 2012, the Court denied the motion of defendant James C. Dimora to dismiss the present indictment on double jeopardy grounds. (*See* Doc. No. 596.) Dimora has taken an interlocutory appeal to the Sixth Circuit Court of Appeals from that decision and has filed a motion in this Court to stay proceedings in the case pending resolution of the appeal. (*See* Doc. Nos. 603 and 604.) The government orally opposed the motion, and on January 5, 2012, the Court heard oral argument on the motion. For the reasons that follow, this motion is DENIED as frivolous.

As the Court set forth in its opinion and order denying the motion to dismiss, an indictment was returned against Dimora and several other individuals in Case No. 1:10CR387 (hereinafter "Dimora I"). Three superseding indictments followed. In the Third Superseding Indictment, Dimora was charged with RICO conspiracy, conspiracy to commit mail and wire fraud and honest services mail fraud, Hobbs Act conspiracy, substantive Hobbs Act violations, bribery concerning programs receiving federal funds,

tax fraud, conspiracy to obstruct justice and destruction of records. The trial in this matter commenced with jury selection on January 4, 2012. The Court is still in the process of conducting voir dire, and the jury has yet to be sworn and seated.

On October 20, 2011, the grand jury returned a separate indictment against Dimora and one other individual, charging various crimes relating, generally, to bribery and fraud. (*See* Case No. 1:11CR491, hereinafter "Dimora II.") No dates, including a date for pre-trial motions or a date for trial of this second matter, have been set. It is, therefore, anticipated that the trial in Dimora I will be completed months before Dimora II is ready to go to trial.[1]

In his motion to dismiss, Dimora argued that exposure to liability in Dimora II has placed him in jeopardy twice for the same or a similarly charged crime, and that his remedy lied in the dismissal of Dimora I. The Court, relying on *Ex parte Lang*, 85 U.S. 163, 173-74 (1873), *Crist v. Bretz*, 437 U.S. 28, 29 (1978), *Willhauck v. Flanagan*, 448 U.S. 1323 (1980), as well as other relevant authority, denied the motion because Dimora had yet to be exposed to jeopardy once, let alone twice, and the remedy for the possible exposure to double jeopardy was the dismissal of Dimora II and not Dimora I (the initially filed indictment). (*See* Doc. No. 596 at 4-5.) Ultimately, the Court concluded that the motion was frivolous because it was premature and filed in the wrong case. (*Id.*)

---

[1] As the Court observed in its January 2, 2012, opinion and order, Dimora II is in the early stages, no dates have been set and the parties have only begun the discovery process. In addition, the government has indicated its intention to seek a superseding indictment, which may have the effect of adding charges and defendants. (*See* Doc. No. 596 at 2-3.)

Federal courts of appeals have jurisdiction to review "all final decisions of the district court." 28 U.S.C. § 1291. In *Abney v. United States*, 431 U.S. 651, 662 (1977), the Supreme Court held that "pretrial orders rejecting claims of former jeopardy […] constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291." (quoting 28 U.S.C. § 1291). In finding that the district court's decision denying Abney's double jeopardy claim was a "final decision," the Court pointed out that the defendant had already been tried once on related conduct, and as a result, if the district court proceeding was to go forward, there was the possibility that Abney would have been exposed to the "personal strain, public embarrassment and expense of a criminal trial more than once for the same offense." *Id.* at 661.

Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Courts have repeatedly held, however, that where a defendant appeals from a frivolous double jeopardy motion, the district court is not divested of jurisdiction and may still conduct a trial of the defendant despite the pendency of the appeal. *See United States v. Millan,* 4 F.3d 1038, 1044 (2d Cir. 1993) ("A district court may retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous."); *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983) ("[W]here a defendant's motion to dismiss on double jeopardy grounds is frivolous or fails to raise a colorable claim of double jeopardy, the mere filing of a Notice of Appeal is insufficient to divest the district court of jurisdiction.") (citing *United States v. Dunbar*, 611 F.2d 985 (5th Cir.) (en banc), *cert. denied*, 447 U.S. 926 (1980)); *United States v. Lanci,* 669 F.2d 391, 394 (6th Cir.

3

1982) (court found that the district court had jurisdiction to proceed to trial, notwithstanding the pendency of an interlocutory appeal on double jeopardy grounds, "having determined that the interlocutory appeal lacked any 'colorable foundation'"); *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980) ("[A]n appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions with written findings."); *see also United States v. Curry,* 328 F.3d 970, 972 (8th Cir. 2003) (a denial of a motion to dismiss on double jeopardy grounds is a final decision and appealable under § 1291 only if it presents a colorable claim).

Unlike the defendant in *Abney*, Dimora's liberty has yet to be placed in jeopardy, and there is no possibility that Dimora's jeopardy could be placed twice in jeopardy during the pendency of the trial in Dimora I. Any appeal from the denial of this frivolous motion, therefore, would itself be frivolous.[2] Moreover, because an interlocutory appeal is not necessary to avoid an otherwise unnecessary trial, this appeal does not divest this Court of jurisdiction. *See United States v. Weigelt*, Nos. 86-5822, 86-5980, 86-5992, 1987 U.S. App. LEXIS 10436, at *14 (6th Cir Aug. 4, 1987) (citing *Lanci,* and finding that "where the trial court finds that a double jeopardy claim is frivolous, the court may order that the defendant proceed to trial despite an appeal from

---

[2] It is the Court's belief that the purpose of the present appeal and, indeed, the purpose of the underlying motion to dismiss, is to delay these proceedings. Notwithstanding the grant of a significant continuance last year, and counsel's representations to the Court that they would be ready for trial, Dimora and his counsel have repeatedly attempted to derail these proceedings with untimely (and unauthorized) motions. "In short, the defendant is trying, through his appeal, to do what the court will not otherwise permit." *See United States v. Baldwin*, 506 F. Supp. 300, 302 (M.D. Tenn. 1980) (finding an appeal from the denial of a motion to dismiss on double jeopardy grounds frivolous as an obvious attempt to delay the defendant's perjury trial).

the denial of defendant's motion to dismiss"); *see, e.g., United States v. McHenry*, 830 F. Supp. 1023, 1024 (N.D. Ohio 1993) (district court proceeded to trial, notwithstanding an interlocutory appeal on the issue of double jeopardy, because the defendant did not "make a colorable showing of previous jeopardy") (internal quotation and citation omitted). The Court, therefore, DENIES Dimora's motion to stay these proceedings pending the outcome of the interlocutory appeal.

**IT IS SO ORDERED**.

Dated: January 6, 2012

   **HONORABLE SARA LIOI**
   **UNITED STATES DISTRICT JUDGE**