UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION AND ORDER |
|  | ) |  |
|  | ) |  |
| JAMES C. DIMORA, et al. | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |

Defendant James Dimora has filed a motion (Doc. No. 560) to dismiss Count 9 of the Third Superseding Indictment in this case (Doc. No. 444) ("Indictment") pursuant to Fed. R. Crim. P. 12(b)(3)(B) for failure to state an offense.[1] The government has filed a response in opposition. (Doc. No. 598.) Count 9 charges Dimora with conspiracy to commit mail fraud and conspiracy to commit honest services mail fraud. Dimora argues that the Indictment is insufficient as to Count 9 because it fails to allege: (1) an "official action undertaken by Mr. Dimora"; (2) "any 'concealment of material information' by Mr. Dimora or any of the alleged co-conspirators"; (3) "any material false and fraudulent pretenses, representations or promises made by any of the alleged co-conspirators"; and (4) any "mailing done in furtherance of the alleged scheme." (Mot. at 3–4.)

---

[1] As the Court indicated in its non-document order filed December 30, 2011, Dimora's motion was filed well beyond the deadline set by the Court for the filing of such a motion. Although the untimeliness of the motion, alone, is a sufficient basis on which for the Court to deny the motion, the Court has also elected to address the motion on its merits.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The "'essential facts' are those which put the defendant on fair notice of the charge against which he must defend and which enable him to plead double jeopardy in a subsequent prosecution." *United States v. Wood*, 958 F.2d 963, 974 (10th Cir. 1992) (citations omitted). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009) ("[T]he indictment must: (1) set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces, and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." (internal quotation marks, alterations, and citation omitted)).

The language of Count 9 meets this relatively low standard. Count 9 sets forth all of the elements of both conspiracy to commit mail fraud and conspiracy to commit honest services mail fraud. All four of the elements alleged by Dimora to be missing from Count 9 of the Indictment are in fact charged. First, Count 9 explicitly alleges:

> It was the object of the conspiracy that D[imora] secretly *used his official position* to benefit himself, by soliciting and accepting sexual favors and other things of value from PE39, *in exchange for favorable official action*, and that PE39 enriched herself by secretly obtaining favorable official action for herself through corrupt means.

2

(Indictment at ¶ 227 (emphasis added).) Second, Count 9 alleges "the concealment of material information." (Indictment at ¶ 226.) Third, the Count alleges that the conspirators sought to "obtain money and property by means of *materially false and fraudulent pretenses*." (*Id.* (emphasis added).) And lastly, the Count alleges that "for the purposes of executing the scheme," the conspirators "cause[d] matters to be placed in any post office and authorized depository for mail matter to be sent and delivered by the United States Postal Service and private commercial interstate carrier." (*Id.*)

Count 9 also fairly informs Dimora of the charge he faces and thus provides him with the information necessary to mount an effective defense. Count 9 makes clear that the charge deals with Dimora's alleged sexual relationship with PE39 and the employment and related benefits Dimora allegedly helped obtain for PE39 in exchange for PE39's sexual favors. The time frame specified in the Count—March 14, 2008 through July 24, 2008—is similarly precise. Moreover, in addition to the charging language, Count 9 also includes a nine-page "Manner and Means" section, which provides details as to a number of acts allegedly committed in furtherance of the conspiracy. For these same reasons, the Count is sufficiently detailed to also allow Dimora to plead prior acquittal or conviction for the purpose of barring a subsequent prosecution based on these facts.

In making his argument, Dimora contends that the specific facts alleged in the "acts in furtherance of the conspiracy" section (¶¶ 231–61; a subset of the "Manner and Means" section) of Count 9 do not sufficiently demonstrate that the four elements Dimora calls into question were in fact present. Dimora's general thesis that the facts

3

undergirding Count 9 are in some sense "insufficient" may ultimately prove to be correct. If so, his challenge should be brought as a motion for a judgment of acquittal following the presentation of the government's evidence, at which point the question would be whether the evidence presented by the government was sufficient to sustain a conviction. Dimora would rather the Court ask that question now, substituting the "acts in furtherance" allegations of the Indictment for the evidence actually presented by the government at trial—evidence that will likely contain more detail than the allegations contained in the Indictment.[2] The Court cannot perform such a substitution.

For these reasons, Dimora's motion to dismiss Count 9 of the Indictment for failure to state an offense (Doc. No. 560) is **DENIED**.[3]

**IT IS SO ORDERED**.

Dated: January 13, 2012

                                                             **HONORABLE SARA LIOI**
                                                             **UNITED STATES DISTRICT JUDGE**

---

[2] While the Court anticipates that the government will likely present evidence at trial that will to some extent expand upon the factual allegations contained in Count 9, the scope of information that the government will be permitted to present relative to this Count will of course be limited to that of which the Indictment can be said to have given Dimora fair notice.

[3] In a previous opinion and order (Doc. No. 594), the Court denied, as to Counts 2 and 16, Dimora's motion (Doc. No. 568) to dismiss Counts 2, 9 and 16 on the grounds that they failed to state an offense under *Skilling v. United States*, 130 S. Ct. 2896 (2010). For reasons stated in that opinion, Dimora's motion to dismiss Counts 2, 9, and 16 is now also **DENIED** as to Count 9.