IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES C. DIMORA, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPERTY SUBJECT TO FORFEITURE UNDER 18 U.S.C. § 1963(a)(2)
CASE AUTHORITY**

There are two types of property interests subject to forfeiture under 18 U.S.C. § 1963(a)(2). First, under 18 U.S.C. § 1963(a)(2)(A), all interests of the defendant **in the RICO enterprise** (including the enterprise itself) are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is not tainted by the racketeering activity.

> United States v. Busher, 817 F.2d 1409, 1413 (9th Cir. 1987) ("forfeiture is not limited to those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise").

> United States v. Angiulo, 897 F.2d 1169, 1211 (1st Cir. 1990) ("any interests **in** an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is not tainted by the racketeering activity").

Second, 18 U.S.C. § 1963(a)(2)(D) involves the forfeiture of interests **outside the RICO enterprise.** In this case, the United States is seeking the forfeiture of defendant Dimora's residence under § 1963(a)(2)(D) because it afforded a source of influence over the RICO enterprise. This type of facilitation forfeiture is subject to a substantial connection (proportionality) test:

> See, 18 U.S.C. § 983(a)(3) ("if the Government's theory of forfeiture is that the property was used to . . . facilitate the commission of a criminal offense, or was involved in the

commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense"). Although § 983(a)(3) is a civil forfeiture statute, "substantial connection" is regularly applied in the criminal forfeiture context.

United States v. Smith, 966 F.2d 1045, 1055 (6th Cir. 1992) (applying substantial connection test in drug context).

United States v. Stern, 858 F.2d 1241, 1250 (7th Cir. 1988) (Under the RICO "facilitation" forfeiture statute, 18 U.S.C. § 1963(a)(2)(D), forfeiture of the condominium was appropriate given the importance of the condominium to the successful operation of the RICO enterprise).

Finally, both forfeitures under 18 U.S.C. § 1963(a)(2)(A) and forfeitures under 18 U.S.C. § 1963(a)(2)(D) are generally subject to the Supreme Court's decision in United States v. Bajakajian, 524 U.S. 321, (1998) (Criminal and civil forfeitures are limited by the excessive fines clause of the 8th Amendment. The test is whether the forfeiture is grossly disproportional to the gravity of the offense.) It is noted that since *Bajakajian*, forfeitures in facilitation cases have been almost universally affirmed.

            Respectfully submitted,

            Eric H. Holder, Jr.
            Attorney General of the United States

            Barbara L. McQuade
            United States Attorney, E.D. Michigan

          By: /s/ James L. Morford
            James L. Morford
            Assistant U.S. Attorney
            Reg. No. 0005657
            400 United States Court House
            801 West Superior Avenue
            Cleveland, Ohio 44113
            216.622.3743
            Fax: 216.522.7499
            James.Morford@usdoj.gov