IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES C. DIMORA, | ) | |
| | ) | |
| Defendant. | ) | |

The United States Attorney's Office for the Northern District of Ohio (USAO) and defendant James C. Dimora hereby agree as follows:

1. Defendant Dimora waives any right, under Rule 32.2 of the Federal Rules of Criminal Procedure, to have the jury determine the forfeiture in this case.

2. Defendant Dimora agrees, pursuant to 18 U.S.C. § 1963(a)(2)(D) and 18 U.S.C. § 1963(a)(3), to the forfeiture of all his interest in 7254 Forestwood Drive, Independence, Cuyahoga County, Ohio (Permanent Parcel Number 563-11-038).

3. The United States agrees to recognize and not seek to forfeit Lori K. Dimora's 50% interest in 7254 Forestwood Drive, Independence, Cuyahoga County, Ohio (Permanent Parcel Number 563-11-038).

4.  Defendant Dimora agrees, pursuant to 18 U.S.C. § 1963(a)(3) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), to the forfeiture of all his interest in an OPERS Money Purchase Account valued at approximately $122,383.46. Defendant Dimora shall execute and submit to OPERS documents requesting the liquidation of this account by March 28, 2012.

5.  Defendant Dimora agrees to provide a completed Form OBD-500 Financial Statement within seven (7) days to the USAO. To the extent that the sum total of all financial accounts (including outstanding loans to Defendant Dimora) exceeds $10,000.00, Defendant Dimora shall immediately turn over such property to the USAO and agrees to the forfeiture of such property pursuant to 18 U.S.C. § 1963(a)(3) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c). This specifically excludes Lori K. Dimora's personal savings account (not a joint account with James C. Dimora) that contains a $12,000 gift from a family member.

6.  Defendant Dimora agrees, pursuant to 18 U.S.C. § 1963(a)(3) and 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), to the forfeiture of all property (including an Ohio State jersey in a 38" x 30" frame with B. Wells and #28 inscribed thereon) seized on July 28, 2008, pursuant to the execution of federal search warrants. At the conclusion of all proceedings in this case and once the evidence is no longer required for law

enforcement purposes, the USAO agrees to return personal property as agreed, including photographs, memorabilia and personal papers.

7. Defendant Dimora agrees to take whatever steps are necessary to effectuate the forfeiture of the above properties to the United States including, but not limited to, the execution of whatever agreements, stipulations, and/or other documents that are necessary to effectuate the forfeitures.

8. With respect to the properties to be forfeited by this agreement, Lori K. Dimora disclaims any interest in those properties, and agrees to their forfeiture. Nothing in this paragraph shall be read to affect any interests she retains as set forth herein.

9. The USAO will not pursue any additional forfeiture and restitution action(s) against any other property(ies) of Defendant Dimora now known to the United States based on charges in this Indictment. The Government preserves the right to pursue forfeiture and restitution in the case of United States v. Dimora et al, Case No. 1:11CR491 to the full extent of the law. However, the Government shall not seek to satisfy this obligation through Defendant Dimora's Bedford Heights OPERS Account, Lori Dimora's 50% interest in 7254 Forestwood Drive, Independence, Cuyahoga County, Ohio (Permanent Parcel Number 563-11-038), or Defendant Dimora's deferred compensation accounts (hereinafter

"Remaining Assets"). The Government is free to pursue any other assets to satisfy that financial obligation. Unless new facts become known to the USAO, the USAO will not pursue any additional forfeiture or financial judgment against the Remaining Assets based on criminal conduct of Defendant Dimora.

10. The Court agrees that Defendant Dimora's restitution and fine amounts in the above-captioned case will be ordered in an amount no greater than the forfeiture amount set forth herein. Additionally, the Court will credit Defendant Dimora's restitution and fine amounts by the amount of the forfeiture herein. The parties understand that the Court will order a special assessment of $100 per count of conviction in addition to the financial penalties contemplated herein.

11. Should all of Defendant Dimora's convictions be reversed on appeal and finally dismissed, the United States will return to Defendant Dimora the properties forfeited under this agreement, including the full face value of the annuity finally forfeited in this case.

12. If convictions supporting the forfeiture of 7254 Forestwood Drive, Independence, Cuyahoga County, Ohio (Permanent Parcel Number 563-11-038), are affirmed on appeal, the parties agree that Lori K. Dimora shall vacate the property within six (6) months of the date that the direct appeal becomes final. Until that time, Lori K. Dimora shall make all mortgage,

insurance, and real property tax payments on the property. She agrees also to maintain the property in good repair. If any such payments are not made, or if the property is not maintained in good repair, the USAO shall have the right of immediate possession of the property.

13. Upon Lori K. Dimora's vacating the property, the United States Marshals Service shall take custody and control of the property and shall sell it in accordance with law. Fifty percent (50%) of the net proceeds of sale shall be paid to Lori K. Dimora; the remaining 50% of the sale proceeds shall be paid/forfeited to the United States.

14. The parties agree that any disputes regarding this agreement shall be adjudicated by the Court.

15. The parties agree that none of the calculations in this agreement shall bind the parties at sentencing related to the loss calculation under U.S.S.G. § 2B1.1. The Government is free to argue that the loss is greater than the calculations herein, and Defendant Dimora is free to argue that the loss is less than the calculations contained herein.

16. If this case is reversed or remanded and not retried, the parties agree that the Court will determine whether any adjustment is appropriate for the forfeiture, fine or restitution amounts, in light of the acquitted conduct, absent an agreement by the parties. If this case is reversed or remanded and

retried, the parties agree that Defendant Dimora retains his right to a jury determination on forfeiture.

17. This agreement is expressly conditioned on the Court accepting this agreement.

Respectfully submitted,

Eric H. Holder, Jr.
United States Attorney General

Barbara L. McQuade
United States Attorney
Eastern District of Michigan

_____
James C. Dimora

_____
Andrea L. Whitaker, Esq.
Attorney for James C. Dimora

_____
Antoinette T. Bacon
Assistant U.S. Attorney
Reg. No. DC: 474696
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
216.622.3966
Fax: 216.522.2403
Antoinette.T.Bacon@usdoj.gov

_____
William T. Whitaker
Attorney for James C. Dimora

APPROVED:

_____
Lori K. Dimora

**IT IS SO ORDERED.**

_____
Sara Lioi
United States District Judge

Date: 3/14/2012

6