**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR8387 |
| | ) | |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| JAMES C. DIMORA, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On April 23, 2012, the Court denied the motion of defendant James Dimora for release pending sentencing and a second trial. (Doc. No. 867.) On May 7, 2012, defendant Dimora filed a timely notice of appeal from that decision. (Doc. No. 885.) On May 18, 2012, defendant Dimora filed with this Court a motion styled "Renewed Motion for Release from Detention Pending Sentencing and Second Trial Based on New Medical Concerns." (Doc. No. 889.) This latest motion specifically asks the Court to reconsider its April 23, 2012 Opinion and Order denying his request for release pending sentencing. The government opposes the motion. (Doc. No. 892.)

The impetus for the motion is a recent injury defendant Dimora sustained at the Northeast Ohio Correctional Center ("NOCC"), where he is currently housed. According to the motion, on May 4, 2012, defendant Dimora fell, suffering "a loss of consciousness, a concussion and other injuries." (Doc. No. 889, Page ID # 18359, citing Affidavit of Dr. Marwan Hilal, Doc. No. 889-1, Page ID # 18362.) These injuries required his hospitalization at St. Elizabeth's Hospital in Youngstown, Ohio. While

Dimora was receiving treatment for these injuries, doctors at the hospital discovered a mass behind his pharynx and an aneurysm. (*Id.* at Page ID # 18360, Hilal Aff. at ¶ 9, Doc. No. 889-1, Page ID # 18363.) As a result of the fall, Dimora claims, without support, that he has aggravated pre-existing medical conditions and has been prescribed a walker, and that he may need a wheelchair at some undefined future date. He further maintains that the discovery of the aneurism and mass may require additional treatment. (*See* Hilal Aff. at ¶¶ 8-13, Doc. No. 889-1, Page ID # 18363.) As a result of these developments, defendant Dimora requests that this Court revisit its previous determination that it could not find by clear and convincing evidence that he did not pose a flight risk.

Defendant Dimora's motion must be denied because this Court lacks jurisdiction over the motion. "[A] timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (internal citation and quotation omitted); *see United States v. Garcia-Robles*, 562 F.3d 763, 767-68 (6th Cir. 2009) (internal citation and quotation omitted). While the Sixth Circuit has carved out certain limited exceptions to this rule that allow a district court to entertain motions for relief from judgments or orders from which an appeal has been sought, these exceptions do not apply. For example, a district court may, if it chooses, consider a properly filed motion under Federal Rules of Civil Procedure 60(b). *See Dunham*, 486 F.3d at 935 (citing *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976)). However, "Rule 60(b) is not applicable to criminal proceedings[,]" *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003), and, therefore, the Court cannot treat Dimora's motion as one

2

brought under Rule 60(b).[1] *See United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (affirming district court's order finding that it lacked jurisdiction to consider defendant's Rule 60(b) motion for resentencing).

Likewise, "a district court retains jurisdiction to proceed with matters that are in aid of the appeal." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), *cert. denied*, 454 U.S. 1021 (1984) (citations omitted). "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (internal quotation omitted). By his motion, Dimora is requesting that this Court alter its Order denying him release from custody pending sentencing, and the Court finds that such a ruling would not merely aid the appellate process, but would, instead, alter the case on appeal. *See, e.g., Rice v. White*, Case No. 2:06-cv-11610, 2012 U.S. Dist. LEXIS 50742, at *4-*5 (E.D. Mich. Apr. 11, 2012) (finding that a motion to amend a trial court's order conditionally granting habeas relief and staying relief pending appeal would not aid the appellate process).

Because Dimora seeks reconsideration of the very order from which he has already taken a timely appeal, the Court believes that it lacks jurisdiction to consider defendant Dimora's "renewed" motion, and the motion is denied for that reason. To the

---

[1] The Court recognizes that Rule 60(b) has some application in prisoner habeas corpus proceedings and post-conviction proceedings under 28 U.S.C. §§ 2241 and 2255, as these are considered civil matters. S*ee United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) (stating that Rule 60(b) "may be used to seek relief from the denial of [a] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case"); *United States v. Clark*, Criminal Action No. 6:06-47-S-DCR, Civil Action No. 6:07-193-DCR, 2011 U.S. Dist. LEXIS 36862, at *6 (E.D. Key. Apr. 5, 2011); *United States v. Cabero*, No. 1:02-cr-107-003, 2005 U.S. Dist. LEXIS 39442. At *3 (E.D. Tenn. June 21, 2005).

extent that it retains some jurisdiction to consider the merits of the motion, the Court finds that the arguments advanced in the motion, and the evidence offered in support, would not change the Court's finding with respect to its determination that Dimora should not be released pending sentencing. Dimora's motion is supported by the affidavit of his treating physician, Dr. Marwan Hilal, who reviewed the medical records from St. Elizabeth's Hospital. He surmises that Dimora will require further medical care for the aneurism and mass, and that he may require immediate care if the mass is found to be cancerous. (Hilal Aff. at ¶¶ 8-10 , Doc. No. 889-1, Page ID # 18363.) Dimora claims that this evidence, when considered alongside his pre-existing medical conditions, demonstrates that he does not pose a flight risk. He further argues that "[i]f Mr. Dimora is released on bond…the medical costs will be borne by Mr. Dimora's medical insurance and there is no need for the [Bureau of Prisons] to pay for transportation or security at the hospital." (Doc. No. 889, Page ID # 18360.)

In support of his original motion for release pending sentencing, Dimora offered evidence that he suffered from a number of medical ailments. While the Court factored this evidence into its analysis as to the question of risk of flight, it ultimately concluded that:

> Nothing Dimora has presented in support of his recently identified medical condition suggests to the Court that he is not healthy enough to leave the jurisdiction, and seek medical treatment in another locale.

(Doc. No. 867, Page ID # 18052.) Defendant Dimora's "renewed" motion does not identify any new conditions or diagnoses, beyond the temporary condition of a concussion, and the presence of an unidentified mass. It contains nothing more than speculation that he might have more serious medical conditions. The mere possibility that

4

Dimora might need some type of treatment in the future for his latest health-related developments, even coupled with his pre-existing medical conditions, does not change this Court's finding that Dimora is likely to flee the jurisdiction and seek medical treatment, if ultimately necessary, elsewhere.[2] Additionally, at the risk of mentioning the obvious, it appears from defendant Dimora's motion that he is, in fact, receiving medical treatment when necessary. Clearly, he has been treated at a medical facility when his condition warranted it, and there is nothing to suggest that he will not continue to receive treatment when appropriate. Moreover, Dimora's unsubstantiated claim that he may, for some unspecified period of time, require the assistance of a walker does not compromise his ability to flee the jurisdiction by means other than on foot. Finally, the fact that Dimora's medical insurance would likely cover any necessary medical expenses, if he was released, has absolutely no bearing on whether he poses a flight risk under 18 U.S.C. § 3143(a)(1). Because the Court would still find that defendant Dimora poses a flight risk if released pending sentencing, his "renewed" motion would be denied.

For all of the foregoing reasons, defendant Dimora's motion is denied for

---

[2] Dimora offers the evidence of his recent fall, and the discovery of the mass and aneurism, for the sole purpose of demonstrating that he no longer poses a flight risk. (*See* Doc. No. 889, Page ID # 18360.) He does not claim that he would be unable to obtain the necessary medical care at NOCC. Moreover, the Court has been advised by David Kasulones, Supervisory Deputy U.S. Marshal, that NOCC is equipped to provide defendant Dimora with any required medical care at its facility, or some appropriate medical facility, if necessary. *See United States v. Sundeen,* Criminal Action Number 02-062. Section "L" (5), 2003 U.S. Dist. LEXIS 14284, at *4 (E.D. La. Aug. 14, 2003) (denying defendant's motion to be released pending sentence and motion to obtain medical treatment, notwithstanding defendant's serious health problems, and noting that "there is no evidence that the defendant cannot obtain necessary medical treatment while in custody"), *rev'd and remanded on other grounds for resentencing*, 434 F.3d 384 (5th Cir. 2005); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (denying a motion for release pending sentencing under 18 U.S.C. § 1345(c), noting that "there is no indication that defendant's condition cannot be properly treated at the Bureau of Prison's medical facilities").

lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: May 25, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**