# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| JAMES C. DIMORA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 9, 2012, after a 37 day jury trial, the jury returned 37 guilty verdicts against defendant James Dimora relating to 33 of 34 counts in which he was charged. He was acquitted by the jury on one count. The charges of which Dimora was found guilty included: RICO conspiracy, conspiracy to commit mail and wire fraud and honest services mail and wire fraud, Hobbs Act conspiracy and Hobbs Act extortion, bribery concerning programs receiving federal funds, tax fraud, obstruction of justice, and destruction of records. (Dimora Verdicts, Doc. No. 738.)

Immediately following the announcement of the verdicts, the Court conducted a bond revocation hearing. At the conclusion of the hearing, the Court revoked the bond of defendant Dimora, and his co-defendant, Michael Gabor, finding both defendants posed a risk of flight. In a detailed opinion, dated April 23, 2012, the Court denied defendant Dimora's motion for release from detention pending sentencing, finding, once again, that Dimora posed a flight risk. (Doc. No. 867.) Dimora's renewed request for release pending sentencing was also denied. (Doc. No. 895.) Dimora

appealed, and the Court's rulings on the issue of bond were affirmed by the Sixth Circuit. (Doc. No. 910.).

On July 18, 2012, the Court denied defendant Dimora's motions for a new trial and for a judgment of acquittal. (Doc. No. 930.) On July 30, 2012, and continuing on July 31, 2012, the Court conducted Dimora's sentencing hearing. At the conclusion of the hearing, the Court sentenced defendant Dimora to a term of incarceration of 336 months on the various charges for which he was convicted.

During the sentencing hearing, counsel for defendant Dimora made vague reference to a stack of documents on counsel table that counsel stated included copies of letters of reference that Dimora had written for various individuals during his tenure as a public official. With equal ambiguity, Defense counsel also referenced two additional documents during the sentencing hearing: the first document counsel referred to as the "Blake Report," and the second document counsel referred to as the "Integrity Report." After the Court had concluded the sentencing hearing and announced its sentence, defense counsel moved to admit these documents as sentencing exhibits. The government objected, and the Court took the matter under advisement. The following day (August 1, 2012), the Court denied the request because the documents were never properly identified or authenticated. (Doc. No. 956.).

This matter is now before the Court on defendant Dimora's motion styled "Motion for Bond Pending Appeal and Proffer of Sentencing Exhibits." (Doc. No. 965.) While Dimora makes passing reference to a request for release pending appeal, the focus of this motion appears to be an attempt to place into the record the proposed exhibits that this Court refused to admit at the conclusion of the sentencing hearing.

2

The terms of the defendant's request for release pending appeal are governed by 18 U.S.C. § 3143(b)(1), which provides:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> > (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i)  reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment,
> > >
> > > or
> > >
> > > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial official makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . . .

This statute creates a presumption against release pending appeal. *United States v. Scherer*, No. 04-3560, 101 Fed. App'x 1002, 1003 (6th Cir. 2004) (citing *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988)).

Dimora's two paragraph motion does little more than cite the relevant statute, and identify the documents that this Court refused to admit after the sentencing hearing. The motion does not address the governing standard, set forth in § 3143(b)(1), or identify any substantial questions of law or fact that would support the issuance of bond

pending appeal. As such, the motion wholly fails to support Dimora's request for release pending appeal. *See, e.g., United States v. Kemp,* 379 F. Supp. 2d 690 (E.D. Pa. 2005) (motion for bond pending appeal denied where defendant failed to identify any substantial questions law or fact). Further, while the motion identifies the previously unadmitted sentencing exhibits, it fails to explain why these documents—originally offered in support of a reduced sentence—are relevant to §3143(b)(1) and the request for bond pending appeal.

For the reasons set forth in its previous orders denying Dimora's requests for release pending sentencing, and because the Court is unaware of any substantial questions of law or fact that would warrant release at this time, the Court denies Dimora's motion for release pending appeal. (*See* Doc. Nos. 867, 895.) As for defendant Dimora's proffer, the Court has already ruled on the admissibility of the referenced documents, both on the record after the sentencing hearing and in a subsequent written order, and no further comment is necessary. (*See* Doc. No. 956.).

**IT IS SO ORDERED**.

Dated: October 5, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**