UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. DIMORA, | ) | CASE NO. 1:10CR387 |
| | ) | (CASE NO. 1:17CV1288) |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of James C. Dimora ("Dimora") for a Certificate of Appealability ("COA"). (Case No. 1:17CV1288, Doc. No. 3 ["Mot."].) On October 22, 2018, this Court denied Dimora's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Case No. 1:10CR387, Doc. No. 1196 (Memorandum Opinion ["MO"]); Doc. No. 1197 (Judgment Entry).) In so ruling, the Court found that the jury instructions given at Dimora's trial were not erroneous because they did not suffer from the same over-inclusiveness as the instructions given in *McDonnell v. United States*, 136 S. Ct. 2355, 195 L. Ed. 2d 639 (2016). (MO at 33152; *see id*. at 33152-56.) Additionally, the Court found that the activities for which Dimora was convicted still qualified as "official acts" under the law. (*Id*. at 33158-88.) On October 31, 2018, Dimora filed the present motion for a COA.

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2255 unless a COA issues.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the United States Supreme Court explained that such a showing requires the petitioner to demonstrate:

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

In his motion for a COA, Dimora makes a perfunctory reference to many of the arguments he raised in his § 2255, including the application to his case of the Supreme Court's decision in *McDonnell*. The Court issued a detailed memorandum opinion analyzing those arguments and finds that it would serve no purpose to reproduce that analysis here. For the same reasons the Court denied Dimora's § 2255 motion, the Court now declines to issue a certificate of appealability. No reasonable jurist could agree with Dimora that the Court's assessment of Dimora's claims was debatable or wrong. *See Slack*, 529 U.S. at 484.

For the foregoing reasons, and for all of the reasons set forth in the Court's memorandum opinion denying Dimora's motion to vacate, the Court **CERTIFIES** that there

is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). Dimora's motion for a COA is **DENIED**.

    **IT IS SO ORDERED**.


Dated: November 2, 2018

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**